UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY W. JACKSON and LINDA
JACKSON,

      Plaintiffs,

v.                                                                          Case No:  6:19-cv-761-Orl-40TBS

LAKEVIEW  LOAN SERVICING, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION AND ORDER[1]

      This case comes before the Court on review of an Amended Complaint for Declaratory Relief, Injunctive Relief and Mandamus filed pro se (Doc. 5) and an application to proceed as a pauper (Doc. 2). The amended complaint supersedes the initial complaint, which I found to be defective for several reasons (Doc. 3). The amended complaint identifies the Plaintiffs as Henry W. Jackson, Jr. and Linda Jackson, but the motion to proceed as a pauper is signed only by Mr. Jackson (Doc. 2). No such application has been filed or signed by Ms. Jackson and she has not tendered a filing fee.

      On review of the amended complaint I respectfully recommend that the application to proceed as a pauper be **DENIED** and the amended complaint be **DISMISSED** without further leave to amend.

### Background

      The amended complaint seeks to "re-establish title in real property in Volusia County, Florida." (Doc. 5 at 1). Plaintiffs allege that "on or about November 11, 2008,"

---

[1] The Report and Recommendation dated May 22, 2019 (Doc. 4) is hereby **VACATED.**

they executed and delivered a promissory note to Foundation Financial Group secured by a mortgage on the property but they never received any disclosure that the mortgage had been transferred to Defendant Lakeview Loan Servicing, LLC and "Lake View Loan Servicing did in fact violation the Truth in Lending Act …" (Id., ¶¶ 10-11). Plaintiffs allege that Lakeview Loan Servicing is an "interloper" that does not possess a lawful interest in the mortgaged property but nevertheless, filed a foreclosure suit in state court and "in March of 2018 the [state] Court entered a Final Judgment in favor of Lakeview Loan Servicing, LLC and against Plaintiff." (Id., ¶¶ 3, 14). On May 22, 2018, the state court entered a sale of the property, allegedly "in violation of plaintiffs' rights under the 5th and 14th Amendments" to the federal and state constitutions (Id., ¶¶ 39, 42). Plaintiffs claim there has been no showing by Lakeview Loan Servicing that it had standing to institute the state court foreclosure action and raises a host of other defenses to the foreclosure action.

In count one, Plaintiffs seek declaratory relief as to whether Lakeview Loan Servicing has an enforceable interest in the property "because it had no standing to litigate this claim and the State Court acting as a Agent was implicit [sic] in the wrongful action of the defendants." (Id., ¶ 25). In count two, Plaintiffs claim fraud on the state court, in that Lakeview Loan Servicing did not produce the original note and mortgage at the closing of the case and "the lender and its conspirators utilized a bait and switch type of loan at closure upon the Plaintiff in violation of the Truth in Lending Disclosure Act" (Id., ¶¶ 28-37). Count three alleges a violation of the Fifth Amendment in that "the State Court De Facto Contract in its' rush to judgment totally tamped upon the rights of the Plaintiffs" in the foreclosure action and sold their property without due process or just compensation. (Id., ¶¶ 39-40). Count four asserts violation of the Fourteenth Amendment

for similar reasons and because the state court "would not give them a hearing regarding the signatures to the documents given to the Court as original." (Id., ¶¶ 42-43). Count five seeks to quiet title to the property (Id., ¶¶ 44-48), and count six seeks unspecified injunctive relief, as well as an award of costs for having to litigate this action "in the amount of $175,500.00 for damages and harmful mental health and physical injury sustained though this course of action as the predictor." (Doc. 5 at 11).

Discussion

*Standards of Law*

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires a plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule

12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the

federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question ("a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001). The amended complaint does not meet these standards.

*Analysis*

Plaintiffs have failed to state a cognizable claim for relief that is within the limited jurisdiction of this Court. Plaintiffs seek to invoke the Court's federal question jurisdiction by alleging that "this is a civil redress deprivation under color of State law(s)," citing the Due Process and Equal Protection clauses and 42 U.S.C. §§ 1981 and 1983 (Doc. 5, ¶ 6), but they have not pled facts to support these claims. "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (internal citations omitted). Plaintiffs do not allege that Lakeview Loan Servicing is a state actor or that its actions were the actions of the state, and no such conclusion can be inferred from the facts pled. This is fatal to these claims.

To the extent Plaintiffs allege that the state court judge is a state actor, he or she is not named as a defendant. And, the actions complained of were taken in the course of

official judicial duties in a case pending before the state court judge, meaning that the state court judge has absolute judicial immunity. See Higdon v. Tusan, 746 F. App'x 805, 810 (11th Cir. 2018) (A judge is entitled to absolute judicial immunity from damages for actions taken while acting in her judicial capacity, unless she acted in the clear absence of all jurisdiction, and this immunity applies even when the judge's acts are in error, malicious, or in excess of her jurisdiction).

Certain allegations in the amended complaint could be construed to assert a federal claim under the Truth In Lending Act ("TILA"). TILA requires creditors to provide borrowers with certain disclosures regarding finance charges, interest rates, and borrower's rights and provides that the borrower may sue for damages if a creditor fails to abide by the requirements. See 15 U.S.C. §§ 1631, 1632, 1635, 1637, 1638. However, claims for damages under TILA are subject to a one-year or three-year limitations period, depending on the type of claim being asserted. See 15 U.S.C. § 1640(e) (establishing a three-year limitations period for claims under 15 U.S.C. §§ 1639, 1639b, and 1639c, and a one-year limitations period with respect to all other TILA claims). The limitations period begins to run "on the date of the occurrence of the violation." Id. See Holmes v. Ocwen Fin. Corp., 1:17-CV-3979-CC-JKL, 2018 WL 3702455, at *3 (N.D. Ga. May 21, 2018), report and recommendation adopted, 1:17-CV-3979-CC, 2018 WL 3702431 (N.D. Ga. June 11, 2018), aff'd, 747 F. App'x 836 (11th Cir. 2019). Plaintiffs allege that "on or about November 11, 2008[,] Plaintiffs never received any disclosure of Mortgage transfer, or assignment to any party by Foundation Financial Group, and Lake View Loan Servicing did in fact violat[e] the Truth in Lending Act Title 12 subparagraph 1026 (Regulation Z) thereof." (Doc. 5, ¶ 11). Because Plaintiffs allege that November 11, 2008 is the date of the claimed lack of disclosure, any TILA claim is time-barred.

To the extent Plaintiffs purport to present state law claims, there is no showing of diversity jurisdiction. The citizenship of all parties is not stated and there are no allegations that support a finding of the required amount in controversy. Also, all of the purported claims essentially seek review and reversal of a state court's final judgment of foreclosure. As such, they run afoul of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that lower federal courts lack jurisdiction to review final judgments of state courts. The doctrine takes its name from two Supreme Court cases in which it was applied. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court explained that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. Rooker-Feldman does not divest federal district courts of jurisdiction "[w]hen there is parallel state and federal litigation" and the state court enters judgment first. Id. at 292. Nor, the Supreme Court explained, does it apply simply because a party "attempts to litigate in federal court a matter previously litigated in state court." Id. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (internal quotations and citations omitted). But, the Rooker-Feldman doctrine does apply when (1) the plaintiff lost in state court; (2) the plaintiff complains about an injury "caused by the state-court judgment[]"; (3) the state-court case ended before the plaintiff brought

the federal case; and (4) the plaintiff "invite[s]" the federal court to "review or reject[]" the state court judgment. 544 U.S. at 284. Plaintiffs amended complaint does not present an independent claim and falls squarely within the well-established parameters of the doctrine.[2] Consequently, the amended complaint cannot stand.

A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam). As Plaintiffs have already had an opportunity to amend and have come no closer to stating a claim within the limited jurisdiction of this Court, a further opportunity is not warranted.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the application to proceed as a pauper (Doc. 2) be **DENIED** and the amended complaint be **DISMIISED** without further leave to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

---

[2] Even if the Court were to find that the count for quiet title is an independent claim, there is no showing that it is within the limited jurisdiction of the Court.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 29, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Any Counsel of Record
Unrepresented Parties

- 9 -