# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HENRY W. JACKSON and LINDA JACKSON,

    Plaintiffs,

v.                                Case No: 6:19-cv-761-Orl-40TBS

LAKEVIEW LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument for consideration of the following:

1. Plaintiffs' Motion to Proceed *in forma pauperis* (Doc. 2 ("**IFP Motion**"));
2. Report and Recommendation (Doc. 6 ("**R&R**")); and
3. Plaintiffs' Objection to the R&R (Doc. 7).

The Court does not require Defendant's response to Plaintiffs' Objection in order to resolve this matter. Upon consideration, the R&R is due to be adopted and the case dismissed.

*Pro se* Plaintiffs filed the original Complaint on April 22, 2019, asserting four "causes of action," for: declaratory relief, fraud on the court, quiet title, and injunctive relief. (Doc. 1). Plaintiffs simultaneously moved to proceed *in forma pauperis*. (Doc. 2). On May 22, 2019, Magistrate Judge Thomas B. Smith submitted a Report & Recommendation, which recommended the IFP Motion be denied and the case dismissed. (Doc. 4 (the "**Report**")). That same day, however, Plaintiffs filed the Amended Complaint. (Doc. 5).

Thereafter, Judge Smith vacated the May 22 Report, and filed the R&R, which recommended the IFP Motion be denied and the case dismissed. (Doc. 6). Plaintiffs object. (Doc. 7).

The Amended Complaint seeks to "re-establish title in real property in Volusia County, Florida." (Doc. 5). Plaintiffs aver that Defendant violated the Truth in Lending Act ("**TILA**") with respect to a mortgage transferred to Defendant, and wrongly foreclosed upon the property secured by Plaintiffs' mortgage in Florida state court. (*Id.*). The Amended Complaint proceeds in four counts. Count I seeks a judicial declaration as to whether Defendant had an interest in the property because it lacked standing to bring the foreclosure action. (*Id.* at pp. 4–5). Count II avers fraud on the state court based on Defendant's failure to produce the note and mortgage in the foreclosure action, filing other "false" documents, engaging in predatory practice, and prevailing in the foreclosure action that the state court allowed to move forward "to clear its docket." (*Id.* at pp. 5–8). Count III asserts a due process claim, claiming the foreclosure of Plaintiffs' property violated their rights secured by the Fifth Amendment to the U.S. Constitution. (*Id.* at pp. 8–9). Count IV alleges another due process claim predicated on the Fourteenth Amendment. (*Id.* at pp. 9–10). Count V brings a "quiet title" claim to vest ownership rights in the property in the Plaintiffs free of third-party claims and interests. (*Id.* at p. 10). Finally, Count VI seeks injunctive relief. (*Id.* at p. 11).

The R&R recommends the IFP Motion be denied and the case dismissed for several reasons. (Doc. 6). First, the Amended Complaint does not allege any claims over which this Court possesses subject matter jurisdiction. (*Id.* at pp. 5–6). Second, to the extent Plaintiffs bring claims for violation of the TILA, they are time barred. (*Id.* at p. 6).

Third, Plaintiffs have not alleged complete diversity of citizenship to support 18 U.S.C. § 1332 jurisdiction as to the state claims. (*Id.* at p. 7). Fourth, Plaintiffs seek to "review and revers[e]" state court judgments in contravention of the *Rooker-Feldman* doctrine. (*Id.*). Last, the R&R recommends dismissal without leave to amend since Plaintiffs amended once already and "c[a]me no closer to stating a claim" within the Court's jurisdiction. (*Id.* at p. 8).

The Objection is due to be overruled and the R&R adopted.[1] In their Objection, Plaintiffs focus their arguments on whether Defendant had standing to prosecute the state court foreclosure action. (Doc. 7, pp. 1–2). Plaintiffs also claim "defendants"[2] committed fraud in the foreclosure suit. (*Id.* at p. 3). These arguments do not disturb the R&R's conclusions that the Amended Complaint (i) fails to establish the Court's subject matter jurisdiction, (ii) attempts to bring time-barred TILA claims, and (iii) seeks to bring claims precluded by the *Rooker-Feldman* doctrine. Therefore, and upon *de novo* review, the Court agrees that the Amended Complaint should be dismissed without leave to amend.

---

[1] When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

[2] The Amended Complaint lists only one Defendant. (Doc. 5).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Objection (Doc. 7) is **OVERRULED**, the R&R (Doc. 6) is **ADOPTED** and **CONFIRMED** and made a part of this Order, Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**, and the Amended Complaint (Doc. 5) is **DISMISSED**.

**DONE AND ORDERED** in Orlando, Florida on June 4, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties